The opinion of the court was delivered by
Duncan, J.
The action for excessive distress has not been a common action in Pennsylvania; indeed the occurrences are rare which would justify it. But, from the evidence returned with the record, this appears to have been a malicious and tyrannical exercise of the power which the law gives the landlord to take the remedy into his own hand. But, while it gives the power, it protects the tenant against its abuse, for this was always punishable at the common law. But the statute of Marlbridge has nearly superseded the common law action. The 10th chapter of the statute proceeds, “that distresses shall be reasonable, and not too great; and that he who takes great and unreasonable distresses shall be grievously amerced, for the excess of such distress.”
The distress in this instance appears to have been malicious and outrageous, and the amercement by no means too grievous. The action is personal, like an action for the malicious suing out and prosecuting a writ without a cause; or malicious holding to excessive bail, where there was no cause of action, or one of greatly inferior amount to the bail demanded. It is not assignable under the insolvent debtors’ act, morilur cum persona; but it is, likewise, an action on a penal statute, which does n'ot survive. It went no *57 more to the assignees of insolvent debtors than an action of slander. It is not an action of contract, or of property. There is no standard ,of value. The amercement is to be grievous; and, therefore, the proceedings under the insolvent debtors’ act were not evidence in bar of the action, nor was it proper to admit it, under colour of lessening the damages. For, if the tenant was not the absolute owner of the property, he might have such a special property as would have enabled him to bring trespass; and, if the property was found on the premises, it would be liable, though it belonged not to the tenant, to the landlord’s distress; and, in that ease, the tenant would be liable over to the stranger, because it had been seized to pay his rent; and this was a sufficient reason for rejecting the evidence.
The 2d and 4lh bills of exceptions relate to the same species- of evidence offered at different times, and under different pleas. It was not the rejection of a record of a judgment in any action. The paper offered was a mere transcript of the justice’s docket, of the judgment entered in the prothonotary’s office, for a single purpose, —that of binding the defendant’s lands. The record remained with the justice. It was not removed into the Court of Common Pleas. Though the transcript was filed, the defendant might have appealed from it, or he might have brought it into the Court of Common Pleas, by certiorari, and had it reversed. The transcript and its entry did not touch the record before the justice, which always remained with him, until brought up by appeal, or reversed by certiorari,. Snyder v. Drum, 1 Binn. 181.
The only evidence of a recovery in the action would have .been the record; and, whatever might have been the case, had the record of the proceedings been offered, the transcript was not evidence for any purpose in this action.
The Sd exception has no foundation in law. I do not decide this on the ground of its being appealed from, but because the judgment was for a different cause of action. It was for the surplus money, arising from the sale of the distress, beyond the rent in arrear; and was in fact money which O’Donnel owed to the plaintiffs, for goods distrained, bought by him, on his own sale; and, whether the action was brought by Seybert or the constable, it was not a penal action, requiring a grievous amercement, but for money of Seybert’s, in the hands of O’Donnel.
It might as well be pretended, that a recovery in an action of assault and battery, accompanied with abusive language, should be given in evidence in an action of slander, for speaking the same words. The actions are of a distinct nature. — Recovery in one would be no bar to the other; nor ought it to go in mitigation of damages. The actions were diverso intuitu. On principles of law and reason, all the rejected evidence was inadmissible, and the judgment is affirmed.
Judgment affirmed.